# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STACEY EDEN BLAU, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 10-0024 (ESH) |
| GRZEGORZ LUKASZ NOWICKI | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

In this case brought for breach of contract, plaintiff Stacey Blau seeks damages against defendant Grzegorz Nowicki. The Clerk of Court has entered a default against defendant, and before the Court is plaintiff's motion for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons stated herein, that motion will be granted and a default judgment entered.

## BACKGROUND

On August 13, 2007, defendant executed and delivered to plaintiff an unsecured promissory note, acknowledging the receipt of $106,000.00 from plaintiff. (Compl. ¶ 6, Ex. A, at 1.) Defendant, a citizen of Poland, used the money to purchase property in Poland to be "jointly shared" by the parties, and in the note he agreed to make "every reasonable effort" to rent the shared property. (*Id.*, Ex. A, at 1.) He also agreed to make monthly payments to plaintiff, regardless of whether he succeeded in renting the property. (*Id.*, Ex. A, at 2.) Defendant agreed that he would pay plaintiff the total sum of the note ($106,000.00) by August 13, 2010. (*Id.*) Defendant successfully rented the property on or about October 12, 2007, and he

made several payments to plaintiff in the amount of $2,4061.00. (*Id.* ¶¶ 10-11.) However, he made no further payments, and per the terms of the promissory note, on November 5, 2009, plaintiff sent defendant a registered letter demanding the sale of the property and repayment of the loan. (*Id.* ¶ 12, Exs. A, B.) Defendant made no further payments on the loan, nor did he sell the property.

On January 6, 2010, plaintiff filed a complaint against defendant for default under the promissory note and breach of contract for failing to make payments to plaintiff and failing to sell the property upon plaintiff's demand.[1] Defendant was deemed served as of August 5, 2010 (*see* Order, July 6, 2010; Order, August 13, 2010), but has failed to answer or defend this action. The Clerk of Court entered default on August 30, 2010. Pursuant to the Court's August 13, 2010 Order directing plaintiff to cause default to be entered and to apply for entry of judgment thereon, plaintiff has moved for entry of default judgment. As of the date of this Memorandum Opinion, defendant has not entered an appearance nor has he filed any pleadings in this case.

## DISCUSSION

Plaintiff asks the Court to enter a default judgment against defendant and in favor of

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Venue is proper pursuant to 28 U.S.C. § 1391(a) and (d) in that plaintiff resides in the District of Columbia, the promissory note was executed in the District of Columbia, and defendant is an alien. (Compl. ¶¶ 2, 4-5.) The Court has jurisdiction over defendant because defendant signed a promissory note in the District of Columbia, the terms of which stated that it would "be enforced in accordance with the laws of the District of Columbia." (*Id.*, Ex. A at 3.) As such, the Court is satisfied that defendant has consented to the personal jurisdiction of the courts of the District of Columbia, *see Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 473 n.14 (1985), and has purposefully availed himself of the privilege of conducting a business transaction in this forum, thereby invoking "the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). By signing a promissory note in the District of Columbia to be enforced under the laws of the District of Columbia, defendant "should reasonably anticipate being haled into court [here]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

plaintiff in the amount of $106,000.00 plus attorney's fees and costs. (Request to Clerk for Entry of Default Judgment, Sept. 2, 2010.) In support of her motion, plaintiff has filed a copy of the promissory note signed by the parties, as well as an affidavit from plaintiff, stating that defendant has failed and refused to make payment on the note. (Compl., Ex. A; Aff. of Pl. ¶¶ 7, 9.)

Courts strongly favor resolution of disputes on their merits, but default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980) (internal quotations omitted). A default judgment is warranted if defendant is a "totally unresponsive" party and its default is plainly willful, as reflected by its failure to respond "either to the summons and complaint, the entry of default, or the motion for default judgment." *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotation marks omitted). And this is not a case where the application for default should be denied because "the allegations of the complaint, even if true, are legally insufficient to make out a claim." *Gutierrez*, 2000 WL 331721, at *2. Finally, no hearing is needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any

3

other matter," Fed. R. Civ. P. 55(b)(2), as there are sufficient "detailed affidavits [and] documentary evidence" to allow the Court to independently assess "the appropriate sum for the default judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2006) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Plaintiff has asked for judgment in the entire amount of the promissory note, $106,000.00. However, she states in her complaint that pursuant to the promissory note, defendant sent her "several payments totaling Two Thousand Four Hundred Sixty-One Dollars ($2,461.00)" before ceasing to send money. (Compl. ¶ 11.) As such, the Court finds that default judgment in the whole amount of the note is inappropriate, and the Court will enter default judgement in the amount of $103,539.00, the amount of the promissory note less the payments made by defendant. As to attorney's fees and costs, plaintiff has submitted no documentary evidence indicating the amount of such fees and costs. Plaintiff's affidavit merely states that the total amount due to her includes "attorney's fees and costs." (Aff. of Pl. ¶ 9.) This affidavit is insufficiently detailed to allow the Court to make an independent assessment of the amount owed to plaintiff. As such, the Court will not enter default judgment as to attorney's fees or costs because plaintiff has failed to prove her entitlement to these damages. *Flynn*, 237 F. Supp. 2d at 69.

## CONCLUSION

For the reasons set forth above, the Court will grant plaintiff's motion for default judgment. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: September 9, 2010